Like Judge Pittman, I concur in the main opinion in all respects except for the main opinion's conclusion that the record in this case is not sufficient to support a finding of adultery. I join Judge Pittman's writing and write separately to further explain certain concerns I have with *Page 331 
respect to the main opinion's treatment of the evidence in this case.
Although it may be true that the presumption that operates against a party claiming the privilege against self-incrimination is not sufficient evidence, by itself, to prove adultery, portions of the testimony and other evidence that do appear in the record in this case, considered in conjunction with the aforesaid presumption, and in light of the deference owed to the trial court's factual findings based on evidence received ore tenus, provide sufficient support in my opinion for the trial court's judgment. More specifically, I believe the main opinion errs (a) in analyzing each portion of the testimony and circumstantial evidence in this case to determine if that particular evidence, by itself, is "sufficient to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference," and (b) in characterizing isolated portions of the evidence as not being "substantive evidence" because each of them, standing alone, does not satisfy that evidentiary standard. It is only necessary that the standard of proof for a finding of adultery be satisfied by all of the evidence and applicable presumptions taken as a whole.
I further note that Ala. Code 1975, § 30-2-3, was designed by the legislature, before the advent of divorces based merely on the grounds of incompatibility or "irreconcilable differences," to prevent collusion by the parties in an effort to obtain a divorce. It therefore may be time, as Presiding Judge Crawley suggests, to re-examine judicial holdings as to the limitations imposed by § 30-2-3 on certain testimony. In any event, I see no limitation in § 30-2-3 on the probative value of testimony by a spouse as to the extra-judicial statements of third parties, such as, in this case, an alleged paramour of the husband, a friend of the husband's alleged paramour, and Lloyd Hull, a friend of the husband.